UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____  **NOTICE OF REMOVAL**

GREGORY S. KECK and                                            Docket No. _____
KATHRYN C. KECK.,

      Plaintiff,

vs.

ERIE INSURANCE COMPANY,

      Defendant.
_____

    1. Pursuant to 28 U.S.C. Section 1446(a), defendant, Erie Insurance Company ("Erie"), by its attorneys, Hurwitz & Fine, P.C., hereby gives notice of the removal of this action from the State Court of New York, Supreme Court, County of Steuben, to the United States District Court for the Western District of New York.

    2. Pursuant to Rule 81(a)(3)(A) of the Local Rule of Civil Procedure, annexed hereto as **Exhibit A** is an Index of the State Court pleadings in this matter.

    3. A copy of Plaintiffs' Summons and Complaint filed in the State Court action is annexed hereto as **Exhibit B.**  This is an action alleging breach of contract and bad faith which is based on a bicycle/automobile accident that occurred on February 1, 2012, and seeks damages in excess of $75,000.00.

    4. No further proceedings have been had in the Supreme Court of the State of New York, County of Steuben, as of the date of the filing of this Notice of Removal.

    5. The amount in controversy, as above-stated, exclusive of interests and costs, exceeds Seventy Five Thousand and 00/100 Dollars ($75,000.00). The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  Where removal of a

civil action is sought on the basis of diversity jurisdiction:

> … the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]. 28 U.S.C. § 1146(c)(2).

6. According to plaintiff's complaint in the instant action, the amount in controversy requirement is satisfied. Plaintiff alleges to have sustained serious injuries as a result of the accident of February 1, 2012, and that damages are in excess of the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction. In light of these allegations, a jury could return an award in excess of $75,000. See, e.g., In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the complaint "obviously asserts a claim exceeding $75,000" where plaintiff alleged economic loss, medical and health expenses, serious medical conditions, as well as an entitlement to punitive damages).

7. Given the totality of these factors and the damages alleged in Plaintiffs' Complaint, this action fulfills the amount in controversy requirement.

8. According to the complaint, Plaintiffs are residents of the State of New York and the underlying accident occurred in New York State.

9. Defendant Erie Insurance Company was and is incorporated in the State Pennsylvania with its principle place of business in Erie, Pennsylvania.

10. Less than thirty (30) days has elapsed since Erie Insurance Company was served with the complaint.

11. Defendant is entitled to remove this action pursuant to 28 U.S.C. Section 1446(a) because the District Court has original jurisdiction over the action pursuant to 28 U.S.C.

Section 1332(a)(1), based upon diversity of citizenship of the parties.

12. Pursuant to 28 U.S.C. Section 1332( c)(1), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principle place of business.

**WHEREFORE**, Defendant Erie Insurance Company hereby removes this action from the State of New York, Supreme Court, County of Steuben, to the United States District Court for the Western District of New York.

Dated: Buffalo, New York
November 7, 2014

                              HURWITZ & FINE, P.C.

                            By:     /s/ Dan D. Kohane
                                  Dan D. Kohane, Esq.
                                  *Attorneys for Defendant*
                                  424 Main Street
                                  1300 Liberty Building
                                  Buffalo, New York 14202
                                  (716) 849-8900
                                  State Bar Roll # DK0124

TO:    James B. Reed, Esq.
        Ziff Law Firm, LLP
        303 William Street
        P.O. Box 1338
        Elmira, New York 14901